19-3770
Islam v. Garland

BIA
Christensen, IJ
A206 910 053

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

MOHAMMAD Z. ISLAM,
> *Petitioner,*

v.                                                                19-3770
                                                                  NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, Esq., New York, NY.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant Attorney General; John S. Hogan,

Assistant Director; Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Z. Islam, a native and citizen of Bangladesh, seeks review of a November 6, 2019 decision of the BIA affirming a February 28, 2018 decision of an Immigration Judge ("IJ") denying Islam's motion to suppress and application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Z. Islam*, No. A206 910 053 (B.I.A. Nov. 6, 2019), *aff'g* No. A206 910 053 (Immig. Ct. N.Y.C. Feb. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Because Islam

2

explicitly abandons any challenge to the agency's denial of his motion to suppress, we consider only the adverse credibility determination.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement." 8 U.S.C. § 1158(b)(1)(B)(iii). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard," and "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Islam was not credible as to his claim that members of the Awami League attacked him on account of his membership in the Bangladesh Nationalist Party ("BNP"). The agency reasonably relied on contradictory statements in Islam's border interview and hearing testimony regarding his

3

description of an alleged attack in 2012 and whether he was attacked only once or three times. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Further, the agency reasonably found the record of Islam's border interview reliable because it included a typewritten transcript of the interview that had been signed by Islam on each page, it reflected that a translator had been provided, and it revealed that he had been asked questions designed to elicit a claim for asylum. *See Ming Zhang v. Holder*, 585 F.3d 715, 721-22 (2d Cir. 2009). And Islam failed even to provide a plausible explanation for these inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)); *cf. Ming Zhang*, 585 F.3d at 725 ("We . . . reject the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements.").

The agency also reasonably relied on the omission from Islam's medical records of his claim that the skin was torn

4

from his back during the 2012 attack because the record described similar injuries to other body parts. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78–79 (providing that the agency may rely on the omission of facts that a "witness would reasonably have been expected to disclose"). Islam failed to explain the omission. *See Majidi*, 430 F.3d at 80.

The agency also noted his failure to rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency declined to credit affidavits from his family, acquaintances, and witnesses because some of the affidavits were strikingly similar, some were from interested parties, and none of the affiants was made available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007)

5

("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are canned." (internal quotation marks omitted)); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

In light of the foregoing, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe,
                                Clerk of Court